LAW OFFICE OF ANDRÉA MARCUS
*A Professional Corporation*
Andréa Marcus, (SBN 188098)
133 E. De La Guerra Street, #143
Santa Barbara, CA 93101-2247
Phone: (888) 215-9021
Fax: (888) 215-9021
andrea@andreamarcuslaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.R.M. (a minor, by and through his mother, MARICELA MARTINEZ) and MARICELA MARTINEZ Individually<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLETA UNION SCHOOL DISTRICT, SANDRA AVILA and DOES 1-50<br><br>Defendant(s). | Case No.: 22-7143<br><br>**COMPLAINT**<br><br>1. Violation of Constitutional Rights, 42 U.S.C. § 1983<br>2. Violation of the Americans With Disabilities Act, 42 U.S.C. § 12101<br>3. Violation of The Rehabilitation Act of 1973, 29 U.S.C. § 794<br>4. Negligence<br>5. Negligent Hiring, Supervision, Or Retention of Employee<br>6. Assault<br>7. Discrimination in Violation of the Bane Act, § 52.1<br>8. Discrimination in Violation of California Education Code § 200 et seq.<br>9. Intentional Infliction of Emotional Distress<br>10. Negligent Infliction of Emotional Distress |

- 1 -
COMPLAINT

11. Prevailing Party Attorneys'
    fees and costs;
12. Demand for Jury Trial.

_____

COMES NOW Plaintiff Z.R.M., a special needs minor, ("Plaintiff") who files this complaint by and through his Guardian ad Litem, MARICELA MARTINEZ. Plaintiff is informed and believes and thereon alleges as follows:

## **PARTIES**

1.     At the commencement of this action, and at all relevant times, Plaintiff was a minor resident of Santa Barbara County, in the State of California. Accordingly, an Application and Order for Appointment of Guardian Ad Litem requesting that MARICELA MARTINEZ, Plaintiff's mother, be appointed as his Guardian ad Litem in the United States District Court for the Central District will be filed with this lawsuit. To protect his privacy Plaintiff has been identified herein as "Z.R.M."

2.     At the time of the incident(s) giving rise to this action, Plaintiff was a special education student entrusted to the care of Defendant GOLETA UNION SCHOOL DISTRICT ("GUSD" or District) at Isla Vista Elementary School ("Isla Vista").

3.     Defendant GUSD is a public entity within the meaning of California Government Code sections 811.2, 900 *et seq.* and is duly incorporated and operating under California law as a school district. GUSD has the responsibility of providing Plaintiff with full and equal access to a public education in compliance with federal and state laws and regulations, including those pertaining to the use of force and restraint.

4.     Plaintiff alleges that Defendant GUSD and/or DOES 1 through 25 at all relevant times herein mentioned controlled, directed, managed, operated and/or owned Isla Vista. Plaintiff further alleges that GUSD was responsible for providing adult supervision to Plaintiff as specified in his Individual Education Plan ("IEP")

COMPLAINT

and that GUSD and/or DOES 1 through 25 at all relevant times herein mentioned controlled, directed, managed, adult supervision of special education students like Plaintiff.

5.     At all relevant times, Defendant SANDRA AVILA ("AVILA") was employed as an instructional assistant by GUSD and/or DOES 1 through 25, and specifically charged with the providing support to special education students. All actions alleged herein by AVILA were taken under color of state law and in course and scope of her employment with GUSD and/or DOES 1 through 25.

6.     Defendant DIANA GALINDO-ROYBAL ("ROYBAL") replaced GUSD Superintendent DONNA LEWIS (LEWIS) as the Superintendent of Schools for GUSD on or around August 1, 2020.  GUSD is located in Goleta, in the County of Santa Barbara, State of California. Plaintiff alleges that LEWIS and ROYBAL were responsible for the hiring, training, and supervision of District staff, including District instructional aides and Isla Vista staff. Pursuant to Board Policy 4112.23 LEWIS and ROYBAL were charged with establishing criteria and procedures for determining the most appropriate level of support for individual students based on identified needs as determined in their IEP. On information and belief, LEWIS and ROYBAL were  also responsible for ensuring compliance with state and federal laws pertaining to behavior interventions, supervision, and training. All actions alleged herein by LEWIS and ROYBAL were taken under color of state law and in the course and scope of their employment with GUSD and/or DOES 1 through 25.

7.     Lewis and Roybal were directly responsible for the oversight of personnel, enforcement of GUSD school policies and compliance with state and federal laws regarding the education of GUSD's students with disabilities, including the oversight and approval of accommodations and placement to provide equal access to Z.R.M., such that he was safe from harm when attending school, and without being subjected to disability-based discrimination.

8.     GUSD and Lewis and Roybal participated in and/or directed the violations or knew of the violations of the Constitution which discriminated against Z.R.M. on the basis of his disabilities and failed to act to prevent them.  GUSD and Lewis and Roybal's individual actions, have violated the Constitution.

9.     Plaintiff alleges that at all relevant times, DOES 26 through 50 were the employees, agents, officers and/or directors of GUSD and were acting within the course and scope of their employment with GUSD or in an official capacity. Pursuant to California Government Code sections 815.2 and 820, GUSD is liable for the acts and omissions of its employees that are within the course and scope of employment. *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747.

10.     The true names and capacities, whether individual, corporate, partnership, joint venture, or otherwise of Defendant DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues Defendants by such fictitious names. When the true names and capacities of DOES 1 through 50 are ascertained, Plaintiff will seek leave to amend this complaint by inserting their true names and capacities herein.

11.     Plaintiff alleges that each of the named Defendants and each of the fictitiously named Defendants are legally responsible in some manner for the occurrences alleged herein, and that the injuries as alleged herein were proximately and legally caused by the acts and/or omissions of such Defendants.

12.     Plaintiff alleges that during the relevant times referenced herein, that each of the Defendants sued herein was the agent, servant, employee, joint venture, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants, and was acting within the purpose, scope, course, and authority of such agency, servitude, employment, joint venture, partnership, division, ownership, subsidiary, alias, assignment, alter-ego, and with the authority, consent, approval, and ratification of each remaining Defendant.

## JURISDICTION AND VENUE

13.    This court has original jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because (a) the public entity Defendant has its principal place of business in its jurisdictional area, (b) Plaintiff and the remaining named Defendants reside and/or work in its jurisdictional area, and (c) because the obligations and liabilities of all Defendants and/or DOES 1 through 50, inclusive, arise therein.

15.    Plaintiff alleges, pursuant to the California Government Code, including but not limited to sections 820 et seq., 830 et seq., and 840 et seq., that Defendant GUSD and DOES 1 through 50 are liable to his in tort for monetary damages for personal injuries as a result of the incident(s) which occurred on August 30, 2021, and leading up to that date, in the County of Santa Barbara, State of California.

## PLAINTIFF HAS COMPLIED WITH THE ADMINISTRATIVE REQUIREMENTS OF THE GOVERNMENT CLAIMS ACT

16.    On or about February 17, 2022, Plaintiff presented written government claims on behalf of Plaintiff Z.R.M., to Defendant GUSD for the injuries, losses, and damages they suffered because of the occurrences described herein, pursuant to Government Code sections 900 through 915.4.

17.    On or about April 5, 2022, Defendant GUSD responded to the Government Claim. Defendant rejected the Tort Claim by operation of law. Accordingly, this action is filed timely in conformity with the period provided by the California Government Code sections 900 through 915.4 and Plaintiff has complied with the Government Claims Act.

//

//

//

## FACTS COMMON TO ALL COUNTS

18.     At the time of the incident(s) giving rise to this action, Plaintiff was an eight-year-old boy with Autism Spectrum Disorder ("autism"). As a result of his autism, Plaintiff was unable to successfully participate in general education programs without supports and accommodations and was therefore made eligible for special education services through the GUSD Special Education Program pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sections 1401, et seq.

19.     As a public school district with the responsibility of providing Special Education Services, GUSD was acutely aware of Plaintiff's disability and the additional care and support that he required. As this passage illuminates, GUSD was also aware of the challenges that special education students like Plaintiff experience with respect to communication and changes to routine.

**Like Most Children With Autism Plaintiff Adhered To Strict Daily Routines Which Provided A Sense of Security**

20.      Because Plaintiff depended on the structure that these and other routines provided, any sudden disruption without proper communication had the potential to cause Plaintiff distress. At all relevant times, GUSD was aware of Plaintiff's disability-related fragility to abrupt change. In providing adequate care and supervision to Plaintiff, the District was responsible for communicating the significance of these routines to those responsible for Plaintiff's supervision, and care.

**Plaintiff Was Singled Out For His Disability Related Behaviors By A GUSD Instructional Aide Without the Skill, Training, Or Necessary Supervision To Work With Plaintiff**

21.     On August 30, 2021, Plaintiff was physically assaulted by his instructional assistant, AVILA.

22.     On or about August 30, 2021, Z.R.M. was physically assaulted by his instructional aide Ms. Sandra Avila, while attending his public school, Isla Vista Elementary School, Isla Vista, California. GUSD failed to inform Z.R.M.'s mother,

Ms. Martinez, of the circumstances of his injuries and prohibited her from speaking with or asking staff about the circumstances of Z.R.M.'s injuries. Ms. Martinez and Z.R.M. have suffered emotional distress and continue to suffer psychological injuries from this incident. Z.R.M. additionally suffered physical injuries. These injuries were caused by GUSD's negligent supervision and training of its staff, and deliberate indifference to the harm reasonably anticipated to be suffered by Z.R.M. and his mother while communication (particularly with the knowledge that Z.R.M. was only minimally capable of verbal communication) was denied and the District refused to take actions to make Z.R.M. safer at school.

23.    GUSD also failed to prevent Z.R.M. from being repeatedly bullied at school physically by a peer causing him to be hit and punched causing physical and emotional harm.  Z.R.M. and his mother, Ms. Martinez have suffered psychological injuries while he continued to be bullied while  his mother's reports of the bullying went unaddressed, and she was lied to in GUSD's minimal incident reports. Z.R.M. has suffered physical injuries, from the negligent supervision and training of its staff, and the District has demonstrated continued disregard for the harm Z.R.M. and his mother have suffered from the continued an unabated bullying by his classmate.

**Plaintiff Was Physically Abused By AVILA Because He Is Disabled**

24.    On August 30, 2021 Z.R.M was physically assaulted by his instructional aide Ms. Sandra Avila. Z.R.M. did not initially report the abuse to his mother as he struggles to communicate. While Ms. Martinez was bathing her son, she noticed deep finger-print bruises on his right arm. When she asked Z.R.M what had happened, Z.R.M indicated that his aide "Ms. Sandra Avila" grabbed him because he wasn't "following her directions." Ms. Martinez took Z.R.M to the Emergency Room to have him evaluated. Upon review of Z.R.M.'s injuries, his primary physician reported the incident to Child Protective Services ("CPS"). Ms. Martinez also reported the incident to the police.

25.    On August 31, 2021, Ms. Martinez sent a letter to the school district asking it to

investigate the incident.

26.     On September 01, 2021, Ms. Martinez sent a second letter asking the school district to place Z.R.M in Home-Hospital instruction and requested a meeting since Z.R.M was unable to attend school safely until changes were made to his supervision and the staff working with him.

**GUSD Employees Witnessed A Young Child In Distress And Took Zero Action**

27.     Equally disconcerting to AVILA's conduct, is the fact that on the morning of August 31, 2021, Mr. Gerardo Arroyo, Z.R.M.'s second grade teacher, and other GUSD faculty, staff, and administrators, stood idly by as Plaintiff was physically and verbally abused by AVILA. The incident took place at school. Amazingly, not a single GUSD employee approached Z.R.M., or alerted the principal or other administrators at Isla Vista to the rapidly escalating and dangerous situation, called the police, or otherwise sought to provide aid despite having a clear duty of care to Plaintiff, particularly as each and every one of them is a "Mandatory Reporter" for such incidences of abuse according to their positions working with children in the Public School.

**After Learning Of The Abuse Defendants Failed To Act In Accordance With Plaintiff's Best Interests**

28.     On August 31, 2021 Ms. Martinez sent a letter to the school district asking it to investigate the incident. It's still unknown to this day, if the District conducted any investigation, as no such investigation has ever been shared with Ms. Martinez.

29.     On September 01, 2021 Ms. Martinez sent a second letter asking the school district to place Z.R.M in Home-Hospital instruction and requested a meeting with school staff, since Z.R.M was unable to attend school safely.

30.     On September 03, 2021, GUSD held a parent-requested meeting. GUSD noted that the purpose of the meeting was because, "Ms. Martinez sent a letter to the school

requesting a change of placement to Mountain View. She also requested a full 1:1 aide. Ms. Martinez also requested the IEP team to discuss a recent incident." The GUSD failed to allow Ms. Martinez to hear what happened to her son. Ms. Martinez repeatedly stated her concerns for Z.R.M.'s safety, adding that the school had not provided a new aide to help Z.R.M. in morning and afternoon drop-off, to replace Ms. Avila, who was no longer working at the school presumably because incident had been reported to CWS by Z.R.M's physician.

31.    At the September 03, 2021, meeting, Assistant Superintendent (DR. CHERYLIN LEW) stated, "the district is in the process of conducting an investigation, we have not completed the results of the investigation. When there are personnel matters, personnel also have privacy rights, so I will not be able to at this meeting, be able to necessarily share all of the answers." Dr. Lew later offered a follow up meeting about the investigation – one which Ms. Martinez would not be allowed to record. To this day, the District has not reported the findings of it's alleged "investigation."

32.    Plaintiff was physically and emotionally traumatized as an immediate, direct, and proximate result of the incident. The injuries sustained were exacerbated by GUSD's failure to immediately notify his mother and to ensure that medical treatment could and would be sought, or *ever* explain what happened to Z.R.M., which led him to arrive home with bruises.

## GUSD's Actions Has Failed To Keep A Safe Environment

33.    After sharing the video Ms. Martinez took of Z.R.M. explaining what had happened to him at school (to the best of his ability), GUSD moved AVILA to a different school site within the school district.

34.    As of the date of fling the present lawsuit, AVILA continues to work as an instructional assistant for vulnerable children for GUSD, with inadequate training, supervision or independent oversight.

35.    As a result of the incident, Plaintiff did and continues to suffer emotional distress for which Plaintiff(s) are currently seeking treatment. A full understanding of the

damage caused by the incident is currently unknown and may not be known for some time.

### FIRST CAUSE OF ACTION

**Violation of Constitutional Rights, 42 U.S.C. § 1983**

**(Against All Defendants and DOES 1 through 50)**

36.     Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

37.     Plaintiff alleges that Defendants and DOES 1 through 50 violated 42 U.S.C. section 1983 when they deprived Z.R.M. of his constitutional rights while acting under the color of state law. *Gomez v. Toledo* (1980) 446 U.S. 635, 640.

38.     All public-school students have the right under the Fourth Amendment to be free from unreasonable searches and seizures. The unreasonable use of excessive force and corporal punishment of a student violates this right. *Doe ex rel. Doe v. Hawaii Dept. of Education* (9th Cir. 2003) 334 F.3d 906, 909. Further, Plaintiff alleges a Fourteenth Amendment right to life, liberty, and property free from interference, without due process of law. U.S. Const. Amendment XIV, sec. 1.

39.     Plaintiff alleges that Defendants and DOES 1 through 50, intentionally used unjustified and unreasonable force against Plaintiff and/or failed to prevent it and/or acted with deliberate indifference by failing to act in response to allegations of serious child abuse and/or acted with deliberate indifference to the risk of harm to Plaintiff from AVILA. Further, that Defendants' actions were objectively unreasonable, willful, and wanton, in light of the facts and circumstances.

40.     Plaintiff alleges that Defendants violated the rights of Plaintiff under the Fourth Amendment and/or Fourteenth Amendments, by their failure to maintain adequate policies or conduct adequate training to prevent violations of the rights of students and parents. On information and belief, Defendants had multiple written policies, regulations, rules, and practices that contributed to the occurrence of the incident which gave rise to the constitutional violations in this case. The permanent and well-

settled practices of GUSD gave rise to the alleged constitutional violations. Violations such as the ones inflicted on Plaintiff were an obvious risk of the procedures adopted by Defendants and their policymakers. Further, Defendants' acts and omissions constituted deliberate indifference.

41.    Plaintiff alleges that Defendants also violated Plaintiff's rights under the Fourth Amendment and/or Fourteenth Amendments when they displayed deliberate indifference to the demonstrated propensity of AVILA to violate the constitutional rights of students in the manner that Plaintiff's rights were violated. GUSD and DOES 1 through 50, additionally ratified the conduct of AVILA by, including but not limited to, its decision to retain and/or failure to discipline AVILA despite knowing of her propensity to abuse and mistreat students with special needs. Ratification of the decisions of a subordinate by an official is a policy for purposes of municipal liability under § 1983.

42.    Plaintiff alleges that Defendants GUSD and DOES 1 through 50, personally participated in the deprivation of Plaintiff's constitutional rights by their failure to act in response to an open and obvious incident of serious child abuse. The failure to act evidences deliberate indifference to the fact that abuse was occurring at the school and constitutes participation in the abuse for purposes of municipal liability under § 1983.

43.    On information and belief, GUSD and DOES 1 through 50 violated the rights of Plaintiff under the Fourth Amendments by failing to maintain adequate policies and conduct adequate training to prevent violations of the constitutional rights of students. The training program is inadequate in relation to the tasks AVILA was expected to perform, the need for more and different training was obvious, and inadequate training so likely to result in the use of excessive force, that GUSD and DOES 1 through 50 were deliberately indifferent to the need for more and different training.

44.    On information and belief, GUSD and DOES 1 through 50 have a permanent

and well-settled practice of downplaying the abuse of special education students, exaggerating their behaviors in attempt to justify the abuse, failing to investigate abuse, failing to report abuse as required by law, and failing discipline, train or supervise abusers when abuse comes to light. These practices facilitated the constitutional violation in this case as the practice normalizes recurrent constitutional deprivations. Additionally, GUSD and DOES 1 through 50 had knowledge that constitutional violations were regularly occurring and their corresponding failure to take affirmative action to prevent further abuse constitutes deliberate indifference. Defendants were acting or purporting to act under the color of state law.

45.    Plaintiff alleges that Defendants' conduct violated Plaintiff's Fourth Amendment and/or Fourteenth Amendment rights.

46.    As set forth in this Complaint, Defendants' conduct was a substantial factor in causing Plaintiff's harm.

47.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

48.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

49.    As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under 42 U.S.C. section 1988(b).

50.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a

result, Plaintiff is entitled to punitive damages against all non-public entity Defendants in their individual capacities.

## SECOND CAUSE OF ACTION

**Discrimination in Violation of the Americans With Disabilities Act, U.S.C. section 12131, et seq. (Against Defendant GUSD and DOES 1 through 25)**

51.     Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

52.     Congress enacted the Americans with Disabilities Act ("ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that "individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination." 42 U.S.C. section 12101(a).

53.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. section 12101(b)(1).

54.     Effective January 26, 1992, Title II of the Americans with Disabilities Act of 1990, entitled Plaintiff to the protections of the "Public Services" provision. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. section 12131, section 201 of the ADA.

55.     Pursuant to 42 U.S.C. section 12132, section 202 of Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

56.     At all times relevant to this action, Plaintiff was a qualified individual with a disability. Further, GUSD is a public entity within the meaning of Title II of the ADA and provides a program, service, or activity to the general public. 42 U.S.C. section 12115, section 201.

57.     Plaintiff alleges that GUSD denied him the benefits of access to their educational program when they subjected him to physical and emotional abuse causing him to fear returning to school.

58.     Additionally, GUSD failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

59.     As set forth in this Complaint, GUSD further failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons by subjecting Plaintiff to a hostile educational environment.

60.     Plaintiff alleges that AVILA was deliberately indifferent to the risk that her actions would deprive a minor, like Plaintiff, of equal and meaningful access to education.

61.     The deliberate indifference by employees of GUSD gives rise to liability under the well-established legal principal of *respondeat superior*. *Duvall v. County of Kitsup*, 260 F.3d 1124 (9th Cir. 2001), makes abundantly clear that, when a plaintiff brings a direct suit under the ADA or the Rehabilitation Act, a public entity is liable in *respondeat superior* for the acts of its employees.

62.     Defendant's conduct as alleged herein, was a substantial factor in causing Plaintiff's harm.

63.     As a direct, proximate, and foreseeable result of GUSD's failure to comply with their duty under Title II, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

64.     As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under 42 U.S.C. section 12205.

//

## THIRD CAUSE OF ACTION

**Discrimination in Violation of the Rehabilitation Act of 1973, 29 U.S.C. section 794 (Against Defendant GUSD and DOES 1 through 25)**

65.    Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

66.    Under Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("Section 504"), a qualified individual with a disability may not, solely by reason of his/her disability, be subjected to discrimination, excluded from participation in, or denied the benefits of, any program or activity receiving Federal financial assistance. 29 U.S.C. section 794(a).

67.    Plaintiff is informed and believes and thereon allege that GUSD and DOES 1 through 25, are and were at all relevant times the recipients of Federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

68.    Plaintiff alleges that by subjecting Plaintiff to physical and emotional abuse, Plaintiff was unable to enjoy the benefits of his education. Additionally, that Defendant's conduct, as described herein, was a substantial factor in causing Plaintiffs' harm.

69.    Additionally, by its acts or omissions in denying equal access to educational services and by subjecting Plaintiff to a hostile educational environment, GUSD has violated the rights of Plaintiff under Section 504 and the regulations promulgated thereunder.

70.    As set forth in this Complaint, AVILA was deliberately indifferent to the risk that her actions would deprive Plaintiff of equal and meaningful access to education.

71.    GERARDO ARROYO, other District employees, and DOES 1 through 50, were deliberately indifferent to the abuse committed by AVILA. They had actual knowledge of the abuse and knew that AVILA was likely to continue abusing

1  Plaintiff but failed to act upon that knowledge.

2  72.     Plaintiff alleges that this deliberate indifference by employees of GUSD gives

3  rise to vicarious liability under the well-established legal principal of *respondeat*

4  *superior*. *Duvall v. County of Kitsup*, 260 F.3d 1124 (9th Cir. 2001), makes

5  abundantly clear that, when a plaintiff brings a direct suit under the ADA or the

6  Rehabilitation Act, a public entity is liable in *respondeat superior* for the acts of its

7  employees.

8  73.     As a direct, proximate, and foreseeable result of GUSD's failure to comply

9  with their duty under Section 504 and the regulations promulgated thereunder,

10  Plaintiff has suffered damages, including special and general damages, the precise

11  amount of which will be proven at trial.

12  74.     As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff

13  was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff

14  seeks reasonable attorneys' fees and costs incurred in this litigation in an amount

15  according to proof at trial as mandated under 29 U.S.C. section 794a(b).

16  ## FOURTH CAUSE OF ACTION

17  ### Negligence

18  ### (Against All Defendants and DOES 1 through 50)

19  75.     Plaintiff incorporates the allegations contained in the preceding paragraphs as

20  though fully set forth herein.

21  76.     Plaintiff alleges that Defendants owed Plaintiff a duty of care to adequately

22  supervise Plaintiff and to place him in an appropriate educational placement that was

23  safe and free from danger and abuse.

24  77.     Plaintiff alleges that Defendants owed Plaintiff a duty to provide a learning

25  environment that allows students, including Plaintiff, to be safe and secure in their

26  persons.

27

28

78.     Plaintiff further alleges that Defendants owed a duty to Plaintiff's parent to notify her of the assault perpetrated upon her child, Z.R.M., pursuant her special relationship to these Defendants.

79.     Plaintiff further alleges that Defendants owed a duty to Plaintiff to anticipate the criminal acts of a third person, as such acts were reasonably foreseeable. Plaintiff alleges that the risk of harm to Plaintiff was sufficiently high, and the burden on Defendants to protect against harm was sufficiently low, so as to impose upon Defendants a duty to protect Plaintiff.

80.     The standard of care imposed upon school personnel in carrying out the aforementioned duties is that degree of care which a person of ordinary prudence, charged with the care of students, would exercise under the same circumstances. *Dailey v. Los Angeles Unified School District* (1970) 2 Cal.3d 741, 747. A total lack of supervision or ineffective supervision may constitute a breach of the required standard of care. *Id.*

81.     Defendants, and each of them, breached their duties to Plaintiff when they, inter alia:

    (a) Failed to supervise students, including Plaintiff;

    (b) Provided ineffective supervision of students, including Plaintiff;

    (c) Failed to exercise ordinary care in supervising Isla Vista students, including Plaintiff;

    (d) Failed to make reasonable efforts to perform the duties imposed by Cal. Ed. Code section 44807, Cal. Ed. Code section 32260 through 32296 et seq. and Cal. Code Regs, tit. 5, sections 5551 and 5552;

    (e) Failed to take steps necessary to protect students at GUSD or warn the students, including Plaintiff and his mother;

    (f) Negligently trained, supervised, managed and hired employees charged with the supervision of students, including Plaintiff;

(g) Violated the rights of Plaintiff set forth in Cal. Const. Art 1, section 28(c), Right to Safe Schools;

(h) Failed to properly investigate assault on Plaintiff at Isla Vista;

(i) Failed to discipline AVILA and other District staff;

(j) Failed to implement and/or follow safety and security procedures and protocol;

(k) Failed to immediately report Plaintiff's assault to the proper authorities, thereby exposing Plaintiff to additional risk of injury and attendant damages;

(l) Failed to follow and enforce Individualized Education Plans, including those of Plaintiff;

(m) Delayed medical treatment to Plaintiff;

(n) Failed to timely notify Plaintiff's mother of the assault;

(o) Failed to warn Plaintiff of the risk of physical and psychological harm in at Isla Vista;

82.    Plaintiff alleges that Defendants' negligence was a substantial factor in causing him harm.

83.    Pursuant to Government Code section 815.2(a) a public entity is liable for injury proximately caused by an act or omission of any employee of the public entity within the scope of employment, if the act or omission, would have given rise to a cause of action against that employee. Accordingly, GUSD may be vicariously liable for the negligent conduct of its employees where such negligent conduct causes Plaintiff harm. Further, GUSD is vicariously liable for the negligent conduct of its employees who were aware of the abuse of students, including Plaintiff but failed to report the abuse in violation of their mandatory duty under Penal Code section 11165, *et seq.*

84.    Additionally, pursuant to Government Code section 815.6, GUSD may be liable with respect to the aforementioned mandatory duties because they were designed to protect against the very kind of injury that Plaintiff suffered as a result of Defendants' conduct.

85.     The breaches of the foregoing duties by Defendants created a foreseeable risk of the particular type of harm which occurred to Plaintiff, such harm which was likely to occur in the absence of adequate safeguards or supervision. Thus, Defendants knew, or should have known, that Plaintiff was subject to an unreasonable risk of harm such that Defendants should have taken preventative measures.

86.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

87.     As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

88.     Plaintiff alleges that the conduct of Defendants LEWIS, ROYBAL, AVILA, and DOES 26 through 50, as described herein, was done with a conscious disregard of Plaintiff's right to safety in school, guaranteed by the California Constitution, such as to constitute oppression, fraud, or malice under Code of Civil Procedure section 3294, and on information and belief, GUSD administrators knew, authorized, ratified, or perpetrated the oppression, fraud, or malice, entitling Plaintiff to punitive damages against all non-public entity Defendants.

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Supervision, or Retention of Employee

### (Against All Defendants and DOES 1 through 50)

89.     Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

90.     At all relevant times, Defendant GUSD had a legal duty to protect and supervise the students of GUSD, including Plaintiff. In executing these duties, Defendant GUSD additionally owed a duty to exercise reasonable care in the hiring,

supervision, training and retention of their employees. This duty includes ensuring that staff are competent in the performance of their duties. School administrators must ensure that policies and procedures are followed by school employees and that such employees have the requisite knowledge and training. *Virginia G. v. ABC Unified School District* (1993) 15 Cal.App.4th 1848, 1855.

91. A school district may be directly liable for the negligence of its administrators and supervisors in hiring, supervising and retaining a school employee who abuses a student. *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 879.

92. Plaintiff alleges that he was harmed by the conduct of AVILA and DOES 26 through 50, while enrolled as a student at Isla Vista. Additionally, Plaintiff alleges that GUSD is responsible for this harm because LEWIS, ROYBAL and other District administrators and supervisors, negligently hired, supervised, trained and/or retained these and other GUSD personnel.

93. Having a continuous duty to supervise and train employees in order to ensure they are competently performing their duties, Defendant GUSD knew or should have known that AVILA and DOES 26 through 50 were, or became, unfit or incompetent to perform the work for which they were hired, including unfit or incompetent to carry out the above-mentioned duties, as alleged herein, thereby posing a particular risk to students, including Plaintiff. Further Plaintiff alleges that GUSD knew, or should have known, that AVILA and DOES 26 through 50, posed a particular risk to students because they failed prevent, protect, and to immediately report the subject incident to the proper authorities, thereby exposing Plaintiff to additional risk of injury and attendant damages.

94. Despite having a heightened duty, Defendants GUSD failed to exercise reasonable care in the hiring, supervision, and retention of its employees. Further, the negligent hiring, supervision and retention, was a substantial factor in causing the Plaintiff's harm. Specifically, Defendants breached the duties owed to Plaintiff when they, inter alia:

a) Failed to supervise teachers, aides, and staff in the performance of their duties;

(b) Failed to ensure teachers, aides, and staff had the requisite knowledge and/or training to competently carry out their duties;

(c) Failed to ensure that teachers, aides, and staff followed school policies aimed at the safety and protection of students;

(d) Failed to ensure that teachers, aides, and staff followed Plaintiff's IEP;

(e) Failed to stop Plaintiff's physical and emotional abuse as it was occurring;

(f) Failed to properly investigate Plaintiff's abuse; and

(g) Failed to ensure that incidents of abuse are properly reported.

95.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

96.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

97.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

## <u>SIXTH CAUSE OF ACTION</u>

### Assault

### (Against Defendant AVILA)

98.    Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

99.   Plaintiff alleges that he was assaulted by Defendant AVILA. In California, "[a] civil action for assault is based upon the invasion of the right of a person to live without being put in fear of personal harm." *Lowry v. Standard Oil Co. of California* (1944) 63 Cal.App.2d 1, 6-7.

100.   Plaintiff in no way consented to Defendant AVILA's conduct.

101.   Plaintiff alleges that he was harmed by Defendant AVILA's conduct and that AVILA's conduct was a substantial factor in causing him harm.

102.   As a direct, proximate, and foreseeable result of AVILA's unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

103.   As a direct, proximate, and foreseeable result of AVILA's unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

104.   Defendant AVILA's committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, AVILA's despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages.

## SEVENTH CAUSE OF ACTION

### Discrimination in Violation of Bane Act, Civil Code Section 52.1

### (Against Defendants GUSD and AVILA)

105.   Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

106.   Civil Code section 52.1 protects against interference with the rights of an individual that are secured by the Constitution or laws of the United States or the rights secured by the laws of the state of California by threat, intimidation, or coercion.

107.   Plaintiff has a fundamental right to a school-based education under the California Constitution. Specifically, California has assumed a statewide responsibility for a public education system open on equal terms to all. *Butt v. California* (1992) 4 Cal.4th 668, 680. Under California Constitution, Article I, section 7(a) and Article IV, section 16(a), a public school system may not deny some students the basic educational necessities provided to other students. Further, under the Fourth Amendment of the United States Constitution, all public-school students have the right under the Fourth Amendment to be free from unreasonable searches and seizures. The unreasonable use of excessive force and corporal punishment of a student violates this right. *Doe ex rel. Doe v. Hawaii Dept. of Education* (9th Cir. 2003) 334 F.3d 906, 909. Accordingly, Plaintiff has liberty interests in his bodily integrity and the right to be free from potentially dangerous harassment or abuse.

108.   Plaintiff alleges that AVILA acted violently against Plaintiff because of and in response to behaviors that were manifestations of his disability. In so doing, AVILA prevented Plaintiff from exercising his rights, including his right to a school-based education and to be free and secure in his person. Additionally, numerous GUSD employees, ratified AVILA's violent acts and further prevented Plaintiff from exercising his right to a school-based education when they failed to provide a safe learning environment, failed to stop known abuse, and failed to adequately investigate known abuse.

109.   As a result, Plaintiff was harmed. Further, Defendants' conduct was a substantial factor in causing him harm.

110.   As set forth in this Complaint, GUSD is vicariously liable for the conduct of its employees, including AVILA.

111.   Further, GUSD is liable because it was under a mandatory duty not to interfere with Plaintiff's right to a school-based education by means of threat, intimidation, or coercion. Further, this duty was designed to protect Plaintiff from the type of injuries he suffered as a result of a breach of this duty.

112.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

113.    As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

114.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages against all non-public entity Defendants.

115.    As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial as mandated under California Civil Code section 52.

**EIGHTH CAUSE OF ACTION**

**Discrimination in Violation of California Education Code Section 200 et seq.**

**(Against GUSD and DOES 1 through 25)**

116.    Plaintiff incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

117.    Section 220 of the Education Code provides: "[n]o person shall be subjected to discrimination on the basis of disability….in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

118.    A plaintiff may maintain an action for monetary damages against a school district when the plaintiff alleges that (1) she suffered severe and pervasive conduct

that effectively deprived the plaintiff of the right of equal access to educational benefits and opportunities; (2) the school had actual knowledge of the conduct; and (3) the school responded with deliberate indifference.

119.   Plaintiff alleges that AVILA subjected him to physical and emotional abuse which effectively deprived Plaintiff of the right to equal access to the educational benefits and opportunities. Plaintiff further alleges that numerous GUSD employees stood idly by as AVILA committed said physical and emotional abuse. With knowledge of AVILA's conduct GUSD responded with deliberate indifference, failing to take any corrective actions or to prevent future abuse.

120.   Plaintiff alleges that California Education Code section 220 created a mandatory duty designed to protect Plaintiff from the kind of injury that he suffered. Accordingly, GUSD is liable pursuant to Government Code section 815.6.

121.   As a direct, proximate, and foreseeable result of GUSD's unlawful conduct, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

122.   As a direct, proximate, and foreseeable result of GUSD's unlawful conduct, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendant AVILA)

123.   Plaintiffs incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

124.   Plaintiffs alleges that AVILA's conduct caused them to suffer severe emotional distress.

125.   As set forth in this Complaint, AVILA's engaged in conduct that was outrageous when she verbally and physically abused Plaintiff, a special needs student,

because of his disability related behaviors.

126.   Plaintiffs alleges that AVILA intended to cause Plaintiffs emotional distress or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

127.   Taken as a whole, AVILA's conduct was outrageous in that it was so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Hughes v. Pair* (2009) 46 Cal. 4th 1035, 1050-1051.

128.   As alleged herein, Plaintiffs suffered severe emotional distress and AVILA's conduct was a substantial factor in causing Plaintiffs' harm.

129.   As a direct, proximate, and foreseeable result of AVILA's unlawful conduct, Plaintiffs have suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and has been injured in mind and body, the precise amount of which will be proven at trial.

130.   As a direct, proximate, and foreseeable result of AVILA's unlawful conduct, Plaintiffs have incurred special and general damages, the precise amount of which will be proven at trial.

131.   AVILA committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiffs, and acted with an improper and evil motive amounting to malice. Alternatively, AVILAS' despicable conduct was carried out in conscious disregard of Plaintiff's rights. As a result, Plaintiffs are entitled to punitive damages.

### **TENTH CAUSE OF ACTION**

### **Negligent Infliction of Emotional Distress**

### **(Against All Non-Public Entity Defendants and DOES 1 through 50)**

132.   Plaintiff(s) incorporates the allegations contained in the preceding paragraphs as though fully set forth herein.

133.   As set forth in this Complaint, Defendants' conduct was negligent and caused

Plaintiff (s)to suffer humiliation, mental anguish, and emotional and physical distress.

134.   Plaintiff(s) allege that they were harmed, and that Defendants' negligent conduct was a substantial factor in causing their harm.

135.   Plaintiff(s) allege that GUSD is vicariously liable for the acts, and negligence, of its employees under California Government Code section 815.2.

136.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff(s) have suffered severe humiliation, mental anguish, and emotional and physical distress, embarrassment, anger, loss of enjoyment of life, and have been injured in mind and body, the precise amount of which will be proven at trial.

137.   As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff(s) have incurred special and general damages, the precise amount of which will be proven at trial.

138.   Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff(s) and acted with an improper and evil motive amounting to malice. Alternatively, said Defendants' despicable conduct was carried out in conscious disregard of Plaintiffs' rights. As a result, Plaintiff(s) are entitled to punitive damages against all non-public entity Defendants.

## PRAYER FOR RELIEF

139.   WHEREFORE, Plaintiff prays for judgment against all Defendants and DOES 1 through 50, and each of them, on all theories of action as follows:

1.   For general damages within the jurisdiction of the Court according to proof;

2.   For all special damages, including but not limited to medical and incidental expenses according to proof, property damage and loss of use;

3.   For punitive damages against non-public entity Defendants, as permitted

COMPLAINT

by law;

4. For costs of suit herein;

5. For attorneys' fees, as permitted by law;

6. For prejudgment interest as permitted by law; and

7. For such other and further relief as the Court deems proper.

DATED: September 30, 2022       LAW OFFICE OF ANDRÉA MARCUS
*A Professional Corporation*
_____/S/_____

By: Andréa Marcus

COMPLAINT